# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 18 2019, 9:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E. C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| K. J., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 18, 2019 <br><br> Court of Appeals Case No. 18A-JV-2969 <br><br> Appeal from the Howard Circuit Court <br><br> The Honorable Lynn Murray, Judge <br><br> Trial Court Cause No. 34C01-1708-JD-284 & 34C01-1711-JD-440 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, K.J., appeals from the juvenile court's Modification Order placing him in the care of the Department of Correction (DOC).

We affirm.

# ISSUE

K.J. presents us with one issue, which we restate as: Whether the juvenile court's Modification Order was supported by adequate findings and conclusions.

# FACTS AND PROCEDURAL HISTORY

K.J. was born in December 2001. On August 18, 2017, following the State's filing of a delinquency petition, K.J. admitted that he had committed an act which would have been Class B misdemeanor possession of marijuana if committed by an adult, and the State dismissed an additional allegation of battery pending against K.J. As part of its Dispositional Order, the juvenile court released K.J. to his mother's custody. On September 15, 2017, after another detention based on battery allegations, K.J. admitted that he had committed what would have constituted Class B misdemeanor battery if committed by an adult. The juvenile court committed K.J. to a secure detention facility but suspended that commitment to supervised probation. However, on September 18, 2017, the trial court authorized K.J.'s detention following the State's allegations that K.J. had committed acts that would have

constituted Class A misdemeanor false informing, Class C misdemeanor operating a motor vehicle without ever receiving a license, and Level 6 felony auto theft, had they been committed by an adult. On September 27, 2017, K.J. admitted that he had committed the operating without ever receiving a license and auto theft offenses, and the juvenile court subsequently released him to electronic, in-home detention. On October 20, 2017, the juvenile court released K.J. from in-home detention and placed K.J. on formal probation.

[5] On November 22, 2017, K.J. was detained again after the State alleged that he had committed two acts constituting Level 6 felony theft of a firearm if committed by an adult. On December 6, 2017, K.J. admitted that he had committed the two theft of a firearm offenses, and K.J. was placed on formal probation and home detention. K.J. subsequently admitted to the following new delinquent acts and probation violations: January 26, 2018 (marijuana use, Level 6 felony escape); February 23, 2018 (three probation violations, including marijuana use and school suspension); March 26, 2018 (four probation violations, including truancy, marijuana use, disobeying and cursing his mother); April 27, 2018 (marijuana use and leaving home without permission); May 21, 2018 (two probation violations for marijuana use and school suspension). As a result of these admissions, K.J.'s disposition was modified to include another suspended commitment to the DOC, weekends served in a secure residential facility, and, finally, detention in a secure residential facility for a defined period.

On June 15, 2018, the State filed a request that K.J.'s placement be modified to the DOC. On July 23, 2018, the juvenile court ordered K.J. into the Juvenile Court Diversionary Program. On August 17, 2018, K.J. admitted that, by removing his monitoring anklet and leaving school grounds without permission, he had committed two acts which would have constituted Level 6 felony escape if committed by an adult. On September 7, 2018, the juvenile court modified K.J.'s disposition and committed K.J. to the care of the DOC for an indefinite period. The juvenile court's Modification Order provided, in relevant part, as follows:

> 1. FINDINGS:
>
> A. The child having entered an admission of the allegations in the Petition to Modify or having been found by the [c]ourt to have committed the acts alleged in the Petition to Modify filed herein, finds the Dispositional Order should be modified.
>
> B. The [c]ourt has considered the the [sic] Modification Report as well as the:
>
>> 1. The interests of the child and the public;
>>
>> 2. Alternatives for the care, treatment, rehabilitation or placement of the child;
>>
>> 3. The necessity, nature and extent of the participation by a parent, guardian or custodian in a program of care, treatment or rehabilitation for the child;
>>
>> 4. The financial responsibility of the parent, guardian or custodian for services provided.
>>
>> 5. Services, if any, that should be ordered for the parent, guardian or custodian pursuant to the Petition for Parental Participation.
>
> 2. DISPOSITION:

A. The [c]ourt now awards wardship of the child, [K.J.], to the [DOC] for housing in any correctional facility for children or any community-based correctional facility for children.

* * *

E. This disposition is consistent with the safety and the best interest of the child and is the least restrictive and most appropriate setting available close to the parents' home, least interferes with family's autonomy, is least disruptive of family life, imposes the least restraint on the freedom of the child and the child's parent, guardian, or custodian; and provides a reasonable opportunity for participation by the child's parent, guardian, or custodian.

(Appellant's App. Vol. VIII, pp. 17-18).

[7] K.J. now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[8] K.J.'s sole challenge to the juvenile court's Modification Order is that the juvenile court did not make statutorily-required findings and conclusions. We review a juvenile court's dispositional order and any modifications for an abuse of discretion, which occurs if the juvenile court's decision is against the logic and effect of the facts and circumstances before it. *A.M. v. State*, 109 N.E.3d 1034, 1037 (Ind. Ct. App. 2018).

[9] The juvenile statute provides as follows:

The juvenile court shall accompany the court's dispositional decree with written findings and conclusions upon the record

concerning approval, modification, or rejection of the dispositional recommendations submitted in the predispositional report, including the following specific findings:

(1) The needs of the child for care, treatment, rehabilitation, or placement.

(2) The need for participation by the parent, guardian, or custodian in the plan of care for the child.

(3) Efforts made, if the child is removed from the child's parent, guardian, or custodian, to:

      (A) prevent the child's removal from; or

      (B) reunite the child with; the child's parent, guardian, or custodian.

(4) Family services that were offered and provided to:

      (A) the child; or

      (B) the child's parent, guardian, or custodian.

(5) The court's reasons for the disposition.

(6) Whether the child is a dual status child under IC 31-41.

Ind. Code § 31-37-18-9(a). In addition, the juvenile court "may incorporate a finding or conclusion from a predispositional report as a written finding or conclusion upon the record in the court's dispositional decree." I.C. § 31-37-18-9(c).

[10] K.J. contends that the juvenile court's Modification Order "merely pronounces judgment and makes a perfunctory pass at reciting the statutory requirements [§] 31-37-18-6." (Appellant's Br. p. 10). The State counters that the juvenile court complied with the statutory requirements by listing the factors that it

considered and incorporating the Modification Report into the Modification Order. However, although the juvenile court could have incorporated findings and conclusions from the Modification Report into its Order, it did not expressly do so. Rather, the trial court merely found that it had "considered" the Modification Report, without expressly incorporating or adopting its findings and conclusions, in whole or in part. (Appellant's App. Vol. VIII, p. 17). The juvenile court also listed a number of factors it had considered, but it made no findings or conclusions on a number of the statutorily-required factors, including what efforts had been made to prevent K.J.'s removal or to reunite him with his mother, what services had been offered to the family, or whether K.J. had dual status. We conclude that the juvenile court did not enter adequate findings and conclusions.

[11] However, such deficiencies in a modification order do not automatically require reversal. *See, e.g.*, *K.S. v. State*, 114 N.E.3d 849, 853-54 (Ind. Ct. App. 2018) (finding no reversible error where the juvenile court failed to enter a finding as to dual status in its modification order), *trans. denied*; *see also Madaras v. State*, 425 N.E.2d 670, 672 (Ind. Ct. App. 1981) (finding clear error in juvenile court's failure to enter required findings was "waived" where trial court did not abuse its discretion with its selection of disposition, which Madaras had already served). One of the purposes of requiring a trial court to enter findings and conclusions is to facilitate appellate review of its decision. *See In re T.S.*, 881 N.E.2d 1110, 1113 (Ind. Ct. App. 2008) (noting that trial court's boilerplate written CHINS findings were not helpful to the reviewing court and generally

would not permit appellate review). Here, K.J. does not argue that the juvenile court abused its discretion when it ordered him into the custody of the DOC, as opposed to entering some other disposition. Because K.J. does not even attempt to argue that the juvenile court's placement with the DOC was an abuse of discretion, we cannot conclude that K.J. was prejudiced by the juvenile court's failure to enter adequate findings. In reaching this conclusion, we do not intend to minimize the importance of a juvenile court's duty to enter complete findings and conclusions; we only conclude that, given the scope of K.J.'s appellate claims, the juvenile court's error does not require reversal.

# CONCLUSION

[12] Based on the foregoing, we conclude that, while the juvenile court did not enter adequate findings and conclusions in its Modification Order, K.J. has failed to demonstrate that he was prejudiced as a result.

[13] Affirmed.

[14] Bailey, J. and Pyle, J. concur